UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK L. HARDY, III,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF NEW JERSEY, *et al.*,<br><br>    Defendants. | Civil Action No. 1:23-cv-1738<br><br>**MEMORANDUM ORDER** |

**O'HEARN, District Judge.**

**THIS MATTER** comes before the Court by way of *pro se* Plaintiff Frank L. Hardy, III's Complaint and application to proceed *in forma pauperis*, (Compl., ECF No. 1); and

**WHEREAS,** Plaintiff has established his inability to pay the costs of the proceeding, (ECF No. 1-1), the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs under 28 U.S.C. § 1915(a); and

**WHEREAS,** under 28 U.S.C. § 1915(e)(2), the Court "shall dismiss the case at any time if [it] determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted;"[1] and

---

[1] When evaluating whether a claim must be dismissed under Section 1915(e) for failure to state a claim upon which relief may be granted, the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). To survive a 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**WHEREAS,** the Court construes pleadings filed by a *pro se* plaintiff liberally and holds them to a less stringent standard that those filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but "pro se litigants must allege sufficient facts in their complaint to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2019); and

**WHEREAS,** it appears that Plaintiff attempts to bring a claim for malicious prosecution under 42 U.S.C. § 1983 against the "State of New Jersey, Gloucester County Office, and the Gloucester County Prosecutor's Office;" and

**WHEREAS,** to prevail in a Section 1983 action malicious prosecution action, a plaintiff must show: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005) (citing *Estate of Smith v. Marasco,* 318 F.3d 497, 521 (3d Cir. 2003)); and

**WHEREAS,** Plaintiff has not made any allegations as to the State of New Jersey; and

**WHEREAS,** Plaintiff has named "Gloucester County Office" as a Defendant without naming the specific department or making any allegations against this Defendant; and

**WHEREAS,** the Court is, thus, unable to evaluate the claims brought against these Defendants; and

**WHEREAS,** Plaintiff has also named the Gloucester County Prosecutor's Office as a Defendant, but the Prosecutor's Office is immune from suit under the Eleventh Amendment. *See Azcona v. N.J.*, No. 21-17123, 2023 WL 2188756, at *1 (D.N.J. Feb. 22, 2023) (quoting *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020)) ("Prosecutors also have absolute immunity from

damages, if the claim involves work performed by the prosecutor that is 'intimately associated with the judicial process.'"); therefore,

**IT IS** on this 24th day of April, 2023,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis*, (ECF No. 1-1), is **GRANTED**, and the Complaint, (ECF No. 1), is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted; and it is further

**ORDERED** that, if Plaintiff believes in good faith that he is able to state a claim, he is granted 30 days to amend his Complaint.

*[signature]*
**CHRISTINE P. O'HEARN**
**United States District Judge**